KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>SALVADOR MANUEL<br>     GALLARDO-VALLECILLO,<br><br>           Defendant. | CRIM. CASE NO.  08CR1447-BEN<br><br>DATE:  June 23, 2008<br>TIME:  2:00 p.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery and fingerprint exemplars.

**I**

**STATEMENT OF THE CASE**

On May 7, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Salvador Manuel Gallardo-Vallecillo ("Defendant") with Deported Alien Found In the United States, in violation of Title 8, United States Code, Section 1326(a) and (b). The

Indictment further alleges that Defendant had been removed from the United States subsequent to April 30, 1998.

## II

## STATEMENT OF FACTS

### A.   THE INSTANT OFFENSE

On April 11, 2008, at approximately 4:30 p.m., Supervisory Border Patrol Jaime Jong responded to a seismic sensor activation in an area known as "Emu Farm." Emu Farm is located approximately seven miles east and one mile north of the Tecate, California Port of Entry. When Agent Jong responded to the area, he observed foot sign heading north towards Highway 94. Agent Jong followed the foot sign for approximately five minutes before he encountered five subjects hiding in the brush.

Agent Jong conducted a field immigration interview of all five individuals. All individuals, including Defendant, admitted that they were citizens of Mexico without valid immigration documents that would allow them to legally enter or remain in the United States. Defendant was arrested and transported to the Tecate Processing Center.

Defendant's fingerprints were entered into record checks systems, which revealed Defendant's immigration and criminal history. At approximately 7:45 p.m., Defendant was advised of his Miranda rights which he acknowledged and waived. Thereafter, Defendant stated that he illegally entered the United States on April 11, 2008 by jumping the international border fence. Defendant admitted that he entered the United States to seek employment. Lastly, Defendant admitted that he did not have any immigration documents.

### B.   DEFENDANT'S IMMIGRATION HISTORY

Defendant is a citizen of Mexico who was ordered deported on April 8, 2008. Defendant was physically removed from the United States, that same day, via the San Ysidro Port of Entry.

### C.   DEFENDANT'S CRIMINAL HISTORY

On April 30, 1998, Defendant was convicted of carjacking, second degree robbery and assault with a deadly weapon. Defendant was sentenced to 12 years' imprisonment for the above convictions.

# III

# GOVERNMENT'S MOTIONS

### A. MOTION FOR RECIPROCAL DISCOVERY

#### 1. RULE 16(b)

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with a defense request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

#### 2. RULE 26.2

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of <u>Jencks</u> statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

1  **B.     Motion to Compel Fingerprint Exemplars**

2  The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: June 9, 2008.

                                          Respectfully Submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          /s/ Luella M. Caldito

                                          LUELLA M. CALDITO
                                          Assistant U.S. Attorney
                                          Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR1147-BEN |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| SALVADOR MANUEL GALLARDO-VALLECILLO, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Robert Henssler, Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2008.

/s/ Luella M. Caldito
LUELLA M. CALDITO