1  **ROBERT R. HENSSLER, JR.**
   California Bar No. 216165
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   Telephone:  (619) 234-8467
4

5  Attorneys for Mr. Gallardo-Vallecillo

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                 **(HONORABLE ROGER T. BENITEZ)**

11  UNITED STATES OF AMERICA,        )    Case No. 08CR1447-BEN
                                     )
12            Plaintiff,             )
                                     )
13        v.                         )    STATEMENT OF FACTS AND
                                     )    MEMORANDUM OF POINTS
14  SALVADOR GALLARDO-VALLECILLO,    )    AND AUTHORITIES IN SUPPORT
                                     )    OF DEFENDANT'S MOTIONS
15            Defendant.             )
                                     )
16  _____ )

17                              **I.**

18                      **STATEMENT OF FACTS**[1]

19        Agents of the United States Border Patrol arrested Mr. Gallardo-Vallecillo on April 11, 2008, near

20  Tecate, California.  Mr. Gallardo-Vallecillo was initially questioned without being given Miranda warnings.

21  Then, Mr. Gallardo-Vallecillo was advised that his Administrative Rights would no longer apply because he

22  was being charged criminally.  Mr. Gallardo-Vallecillo was then advised of his Miranda rights and questioned

23  again.

24        On May 8, 2008, Mr. Gallardo-Vallecillo was arraigned on an indictment alleging a violation of 8

25  U.S.C. §1326, specifically deported alien found in the United States.

26  _____

27        [1]  This statement of facts is based on the complaint and indictment filed by the government and the
28  discovery provided by the government.  Mr. Gallardo-Vallecillo does not accept this statement as his own,
   and reserves the right to take a contrary position at motion hearings and trial.  Additionally, Mr. Gallardo-
   Vallecillo  reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings
   or during any further proceedings.

1    To date, counsel for Mr. Gallardo-Vallecillo has received some discovery and a DVD.  Counsel has

2  not yet had the opportunity to review Mr. Gallardo-Vallecillo's immigration file or received any recordings

3  of his removal proceedings.  These motions follow.

4                                                        **II.**

5                    **MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

6    Mr. Gallardo-Vallecillo moves for the production of the following discovery.  This request is not

7  limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in

8  the custody, control, care, or knowledge of any "closely connected investigative [or other] agencies."  See

9  United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

10    (1)  The Defendant's Statements.  The Government must disclose to the defendant all copies of any

11  written or recorded statements made by the defendant; the substance of any statements made by the defendant

12  which the Government intends to offer in evidence at trial; any response by the defendant to interrogation;

13  the substance of any oral statements which the Government intends to introduce at trial and any written

14  summaries of the defendant's oral statements contained in the handwritten notes of the Government agent;

15  any response to any Miranda warnings which may have been given to the defendant; as well as any other

16  statements by the defendant.  Fed. R. Crim. P. 16(a)(1)(A).  The Advisory Committee Notes and the 1991

17  amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether

18  oral or written, regardless of whether the government intends to make any use of those statements.

19    (2)  Arrest Reports, Notes and Dispatch Tapes.  The defendant also specifically requests the

20  Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate

21  to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to,

22  any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any

23  other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A)

24  and Brady v. Maryland, 373 U.S. 83 (1963).  The Government must produce arrest reports, investigator's

25  notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining

26  to the defendant.  See Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

27    (3)  Brady Material.  The defendant requests all documents, statements, agents' reports, and tangible

28  evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the

1  Government's case.  Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition

2  of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>,

3  427 U.S. 97 (1976).

4       (4)  <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>.  The Government

5  must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any

6  cooperation or attempted cooperation by the defendant as well as any information that could affect any base

7  offense level or specific offense characteristic under Chapter Two of the Guidelines.  The defendant also

8  requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal

9  history, and information relevant to any other application of the Guidelines.

10      (5)  <u>The Defendant's Prior Record</u>.  The defendant requests disclosure of his prior record. Fed. R.

11  Crim. P. 16(a)(1)(B).

12      (6)  <u>Any Proposed 404(b) Evidence</u>.  The government must produce evidence of prior similar acts

13  under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, under Rule 404(b), "upon

14  request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the

15  general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(B) at trial.

16  The defendant requests that such notice be given three (3) weeks before trial in order to give the defense time

17  to adequately investigate and prepare for trial.

18      (7)  <u>Evidence Seized</u>.  The defendant requests production of evidence seized as a result of any search,

19  either warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(C).

20      (8)  <u>Request for Preservation of Evidence</u>.  The defendant specifically requests the preservation of

21  all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the

22  possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest

23  in this case.

24      (9)  <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy as well as test,

25  if necessary, all other documents and tangible objects, including photographs, books, papers, documents,

26  fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for

27  use in the Government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P.

28  16(a)(2)(c).  **Specifically, the defendant requests to view the A-File**.

(10)  <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(11)  <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>, <u>supra</u>.

(12)  <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(13)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(14)  <u>Witness Addresses</u>.  The defendant requests the name and last known address of each prospective Government witness.  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness.

(15)  <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.

(16)  <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(17)  <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  <u>Campbell v. United</u>

1   States, 373 U.S. 487, 490-92 (1963).  In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) the Ninth

2   Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then

3   subject to the Jencks Act.

4        (18)  Giglio Information.  Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant

5   requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange

6   for their testimony in this case, and all other information which could arguably be used for the impeachment

7   of any Government witnesses.

8        (19)  Agreements Between the Government and Witnesses.  The defendant requests discovery

9   regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future

10  compensation, or any other kind of agreement or understanding, including any implicit understanding relating

11  to criminal or civil income tax, forfeiture or fine liability,  between any prospective Government witness and

12  the Government (federal, state and/or local).  This request also includes any discussion with a potential

13  witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no

14  bargain was made, or the advice not followed.

15       (20)  Informants and Cooperating Witnesses.  The defendant requests disclosure of the names and

16  addresses of all informants or cooperating witnesses used or to be used in this case, and in particular,

17  disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime

18  charged against Mr. Gallardo-Vallecillo. The Government must disclose the informant's identity and location,

19  as well as disclose the existence of any other percipient witness unknown or unknowable to the defense.

20  Roviaro v. United States, 353 U.S. 53, 61-62 (1957).  The Government must disclose any information derived

21  from informants which exculpates or tends to exculpate the defendant.

22       (21)  Bias by Informants or Cooperating Witnesses.  The defendant requests disclosure of any

23  information indicating bias on the part of any informant or cooperating witness.  Giglio v. United States, 405

24  U.S. 150 (1972).  Such information would include what, if any, inducements, favors, payments or threats were

25  made to the witness to secure cooperation with the authorities.

26       (22)  Government Examination of Law Enforcement Personnel Files.  Mr. Gallardo-Vallecillo

27  requests that the Government examine the personnel files and any other files within its custody, care or

28  control, or which could be obtained by the government, for all testifying witnesses, including testifying

officers.  Mr. Gallardo-Vallecillo requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u> review of the agents' files because the government failed to examine the files of agents who testified at trial.  This Court should therefore order the Government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Gallardo-Vallecillo prior to trial.  Mr. Gallardo-Vallecillo specifically requests that the prosecutor, not the law enforcement officers, review the files in this case.  The duty to review the files, under <u>Henthorn</u>, should be the prosecutor's.  Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

(23)  <u>Expert Summaries</u>.  Defendant requests written summaries of all expert testimony that the government intends to present under Federal Rules of Evidence 702, 703 or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications. Fed. R. Crim. P. 16(a)(1)(E).  This request includes, but is not limited to, fingerprint expert testimony.

(24) <u>Residual Request</u>. Mr. Gallardo-Vallecillo intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  This request specifically includes all subsections of Rule 16.  Mr. Gallardo-Vallecillo requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### III.

### <u>REQUEST FOR LEAVE TO FILE FURTHER MOTIONS</u>

Mr. Gallardo-Vallecillo and defense counsel have not received all the discovery in this case.  As new information comes to light, the defense may find it necessary to file further motions.  Therefore, defense counsel requests the opportunity to file further motions based upon information gained from any further discovery.

//

//

**IV.**

**<u>CONCLUSION</u>**

For the reasons stated above, Mr. Gallardo-Vallecillo respectfully requests that this Court grant the foregoing motions.

Respectfully Submitted,

Dated: June 9, 2008                    */s/ Robert R. Henssler*
                                       ROBERT R. HENSSLER, JR.
                                       Federal Defenders of San Diego, Inc.
                                       225 Broadway, Suite 900
                                       San Diego, CA 92101-5030
                                       (619) 234-8467 (tel)
                                       (619) 687-2666 (fax)
                                       e-mail: Robert_Henssler@fd.org